FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

97 MAR 28 PM 3:13

U.S. DISTRICT COURT
N.D. OF ALABAMA

WILLIE CHARLES BROTHERS,        ]
                                ]
        Plaintiff,               ]
                                ]
vs.                             ]   CIVIL ACTION NO. 96-PT-837-M
                                ]
UNITED STATES DEPARTMENT        ]
OF AGRICULTURE, et al.,         ]
                                ]
        Defendants.              ]

ENTERED

MAR 2 8 1997

## MEMORANDUM OF OPINION

The plaintiff, Willie Charles Brothers, instituted this pro se action by filing a complaint on April 2, 1996. As defendants, Brothers has named the United States Department of Agriculture (USDA), Tom Haley, the health benefits officer for the USDA, and Mary Duke, the audit officer for the USDA.

In support of his complaint, the plaintiff claims that on May 4, 1979, he was removed from his job as a poultry inspector for the USDA, due to "job related misconduct." He claims that after winning an appeal of the decision to remove him from his job, he was restored to his job duties on November 18, 1979, with all benefits, except for federal health insurance. On May 17, 1980, Brothers filled out a registration form to re-enroll in the health insurance program. Payments for the health insurance were deducted from the plaintiff's paycheck. Brothers asserts that on March 20, 1982,

45

defendants Haley and Duke removed him from the federal health insurance program, and his premiums were returned to him. He claims that the defendants told him that he had been erroneously re-enrolled in the program when his work status was restored in 1979. Brothers claims that as a result of his being removed from the federal health insurance program, he has been forced to go without any health insurance coverage since 1982, and pay for hospital visits, doctors fees, and medication that coverage would normally have covered or paid. Additionally, since he has no health insurance, he has not been able to have surgery to remove cataracts from his eyes.

As relief, the plaintiff seeks $10,000.00 in punitive damages from each defendant compensatory damages in the amount of $822.66, to cover the medical expenses he has incurred, to have his federal health insurance restored, and to have the "defendants restrained from instituting any type of action against him for the recovery of said health insurance and expenses incurred."

The plaintiff does not specify the authority pursuant to which he brings this action. It appears that the claims are being made pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), since the plaintiff claims that the defendants' actions in removing him from the federal health insurance program violated his constitutional right to due process. However, it is possible that the plaintiff intends to bring his claims pursuant to the Federal Tort Claims Act (FTCA), 28

U.S.C. § 2674, *et seq.*, or the Federal Employees Health Benefits Act (FEHBA), 5 U.S.C. §§ 8901-13.

On July 2, 1996, the defendants filed a motion to dismiss the action. The court has advised the parties that the motion would be construed as a motion for summary judgment. In support of their motion, the defendants argue that the action is due to be dismissed because the plaintiff has not exhausted the administrative remedies available to him and because it is barred by the statute of limitations.

This action is due to be dismissed because the plaintiff has failed to exhaust his administrative remedies. Plaintiffs who sue pursuant to *Bivens* are generally required to exhaust the administrative remedies available to them. *Pyles v. Carlson*, 698 fed 1131 (11th Cir. 1983); *Kyle v. Hanberry*, 677 F.2d 1386 (11th Cir. 1982); *Miller v. Stanmore*, 636 F.2d 986 (5th Cir. 1981). Those who sue solely for money damages are not required to exhaust administrative remedies, *McCarthy v. Madigan*, 112 S. Ct. 1081, 1084 (1992), but when a plaintiff seeks both damages and injunctive relief, exhaustion is required. *Irwin v. Quinlan*, 791 F. Supp. 301 (S.D. Ga. 1992).

Likewise, exhaustion of administrative remedies is a statutory prerequisite to an action under the FTCA. An action may not be brought against the United States "unless the claimant shall have first presented the claim to the appropriate agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). *See also Brackin v. United States*, 913 F.2d 858, 859 (11th

3

Cir. 1990). Finally, exhaustion is also required before instituting an action pursuant to the FEHBA. An action may not be brought pursuant to the FEHBA unless the plaintiff has already presented the claims to the Office of Personnel Management. *Kobleur v. Group Hospitalization and Medical Services, Inc.*, 954 F.2d 705 (11th Cir. 1992).

The plaintiff makes no claim that he has exhausted available administrative remedies, entitling him to bring this action pursuant to either *Bivens*,[1] the FTCA, or the FEHBA. Moreover, it does not appear from the extensive record before the court that the plaintiff has met the exhaustion requirements under either of the three potential causes of action. Thus, this action is due to be dismissed because of the plaintiff's failure to exhaust administrative remedies, and all discovery motions are due to be deemed moot.

An appropriate order will be entered.

DONE this 28 day of March, 1997.

ROBERT B. PROPST
UNITED STATES DISTRICT JUDGE

---

[1] Additionally, the plaintiff does not appear to have had a right to due process before being removed from the federal health insurance program.